People v Steward
2026 NY Slip Op 03637
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Anthony Steward, Defendant-Appellant.

Decided and Entered: June 09, 2026
Ind. No. 1278/15, 3521/15|Appeal No. 6846|Case No. 2019-1160|
Before: Webber, J.P., Gesmer, Mendez, Rodriguez, Hagler, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

[*1]
Judgment, Supreme Court, New York County (Juan Merchan, J.), rendered January 4, 2018, as amended January 12, 2018, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the third degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, intimidating a victim or witness in the third degree, and criminal contempt in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 18½ to 24 years, unanimously affirmed.
Defendant's requests for self-representation were equivocal, as they were all "conditioned on the assistance of counsel" (People v Silburn, 31 NY3d 144, 150-151 [2018]; see People v McIntyre, 36 NY2d 10, 17 [1974]). Defendant repeatedly asked to represent himself with an assigned lawyer acting as cocounsel or legal advisor (see People v Lundquist, 180 AD3d 806, 807 [2d Dept 2020], lv denied 35 NY3d 1028 [2020]). Therefore, his requests did not "reflect a purposeful decision to relinquish the benefit of counsel and proceed singularly" (Silburn, 31 NY3d at 150-151, quoting Matter of Kathleen K. [Steven K.], 17 NY3d 380, 386 [2011]; see also People v LaValle, 3 NY3d 88, 106 [2004]). Accordingly, the court was not required to engage in any further inquiry (see Silburn, 31 NY3d at 152).
Defendant failed to preserve his legal insufficiency claim, and we decline to review it in the interest of justice (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 20-21 [1995]). In the alternative, we find the evidence legally sufficient to establish defendant's guilt of intimidating a victim or witness in the third degree (see Penal Law § 215.15[1]). Defendant created, distributed, and posted flyers characterizing the complainant as a "snitch," "rat," and "informant" who was "lying to police." When she learned of the flyers, she immediately went to remove them before they could be seen by "rat hunters" who might harm her, and defendant acknowledged during his testimony that being labeled a "rat" could have dire consequences (see People v Darbasie, 246 AD3d 524, 524-525 [1st Dept 2026]). Moreover, the complainant had reason to believe defendant could personally harm her, as he had previously called her a "rat" after an earlier police report, issued direct threats against her and her children, and slapped her in the face (see People v Bueno, 18 NY3d 160, 169 [2011]; People v Coursey, 250 AD2d 351, 351 [1st Dept 1998], lv denied 92 NY2d 850 [1998]).
[*2]
Defendant's conviction of attempted assault in the first degree and criminal possession of a weapon in the third degree was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). There is no basis for disturbing the jury's credibility determinations or its evaluation of the video evidence (see Bueno, 18 NY3d at 169; People v Lane, 7 NY3d 888, 890 [2006]). The totality of the evidence, including witness testimony and surveillance video footage that showed defendant withdrawing a firearm from his waistband, pointing it towards the victim and discharging the weapon, amply supports the jury's conclusion that defendant intentionally attempted to seriously injure someone with a deadly weapon (see People v Ali, 216 AD3d 516, 517 [1st Dept 2023], lv denied 40 NY3d 949 [2023]).
Since defendant did not raise a timely objection to the mixed verdict, he did not preserve his claim that the verdict was repugnant (see People v Johnson, 93 AD3d 408, 409 [1st Dept 2012], lv denied 19 NY3d 974 [2012], cert denied 568 US 951 [2012]), and we decline to review it in the interest of justice. In the alternative, we find that the verdict acquitting defendant of the second-degree assault charge and convicting him of third-degree criminal possession of a weapon was not repugnant, as the jury could reasonably have concluded that the knife did not cause the small cut to the victim's face. However, the fact that the defendant drew the knife during the altercation evinced his intent to use it unlawfully (see People v Russell, 227 AD2d 232, 232 [1st Dept 1996], lv denied 88 NY2d 969 [1996]; see also People v Rayam, 94 NY2d 557, 562-563 [2000]).
Defendant did not preserve his claim that the prosecutor presented a false narrative and failed to correct a police witness's purportedly misleading testimony (see People v Romero, 7 NY3d 911, 912 [2006]; People v Alsina, 231 AD3d 450, 451 [1st Dept 2024], lv denied 42 NY3d 1034 [2024]), and we decline to review it in the interest of justice. Insofar as his argument can be considered, the witness's testimony was not materially false (see People v Colon, 13 NY3d 343, 349 [2009]). As defendant acknowledges, the witness accurately described his own investigative efforts, and neither the prosecutor nor defense counsel asked about an interview of the 911 caller conducted by other officers prior to his arrival at the scene. Any error in this regard was harmless in light of the overwhelming evidence of guilt (see Colon, 13 NY3d at 349, citing People v Pressley, 91 NY2d 825, 827 [1997]). The prosecutor's statements during summation regarding the lack of witness cooperation constituted fair comment on the evidence and were responsive to defense counsel's arguments (see People v Johnson, 76 AD3d 937, 937 [1st Dept 2010], lv denied 15 NY3d 953 [2010]; People v Overlee, 236 AD2d 133, 136 [1st Dept 1997], lv denied 91 NY2d 976 [1998]).
[*3]
Defendant's related ineffective assistance of counsel claims, based on trial counsel's failure to investigate the 911 caller and present his statement to the jury, are unreviewable because this Court denied defendant leave to appeal from the order denying his CPL 440.10 motion raising the same arguments (see People v Jolivert, 223 AD3d 572, 573 [1st Dept 2024], lv denied 41 NY3d 984 [2024]). Alternatively, to the extent the record permits review, we find that defendant received effective assistance of counsel (see People v Benevento, 91 NY2d 708, 713-713 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Trial counsel's "decision not to call a witness is, at most, a disagreement over trial tactics that does not indicate ineffectiveness" (People v Brooks, 283 AD2d 367, 368 [1st Dept 2001], lv denied 96 NY2d 916 [2001]). Moreover, the 911 caller's account, as recorded in a police report, was directly contradicted by the surveillance video footage. Counsel appears to have made a strategic legal decision to
refrain from calling that witness or attempting to elicit testimony about his statement (see People v Smith, 82 NY2d 731, 733 [1993]).
We have considered and rejected defendant's pro se claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026